## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEBORAH LAUFER, Individually, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:20-cv-04594-MSS |
| | ) | |
| ESA P PORTFOLIO, LLC, d/b/a | ) | |
| EXTENDED STAY AMERICA – | ) | |
| ROCKFORD, A Foreign Limited Liability | ) | |
| Company, | ) | |
| | ) | |
| Defendant. | ) | |

---

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

**I.  INTRODUCTION**

Plaintiff Deborah Laufer ("**Plaintiff**") initiated this case against Defendant ESA P Portfolio, LLC d/b/a EXTENDED STAY AMERICA – ROCKFORD ("**Defendant**") as one of over **400[1] nearly identical ADA lawsuits** filed in Illinois, Maryland, New York and elsewhere. Courts have taken notice of Plaintiff filing these identical cases **despite lacking subject matter jurisdiction and standing**. Plaintiff is a resident of Florida and never alleges that she visited the state of Illinois, the hotel in question and makes only vague conclusory allegations in the Amended Complaint that she intends to visit Illinois some day when the COVID crisis is over. **There is no concrete harm or risk of immediate future harm.**

To satisfy federal pleading requirements, Plaintiff must sufficiently allege facts which, if proven true, state a claim upon which relief can be granted. Fed. R. Civ.P. 12(b)(6). Plaintiff has

---

[1] *See* Request for Judicial Notice ISO MTD, Exhibit 1.

not done so.  Accordingly, the Court should grant Defendant's Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).

## II.    BACKGROUND

On August 5, 2020, Plaintiff filed the Complaint against Defendant seeking injunctive relief and attorneys' fees for alleged violations of the Americans with Disabilities Act ("**ADA**"). Defendant owns properties used for hotel businesses nationwide.  After Defendant filed a Motion to Dismiss the Complaint on September 17, 2020 (Doc # 8, 9), Plaintiff filed an Amended Complaint (Doc # 15) adding a new, vague, conclusory paragraph stating that Plaintiff intends to "travel throughout the entire State" of Illinois "as soon as the Covid crisis abates." Amended Complaint at ¶ 13.

Plaintiff alleges that she is a **resident of Pasco County, Florida**.  Amended Complaint at ¶ 1.  Plaintiff uses an assistive device (such as a cane) to walk and decided to be a "tester" for purposes of ADA compliance.  Amended Complaint at ¶ 2.  Plaintiff further alleges that she visited certain **third party websites (which Defendant does not own, operate or control)**, such as expedia.com and hotels.com, "for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e)." Amended Complaint at ¶ 10.  Plaintiff found that such third party websites were lacking accessible information about the property in question located at 747 North Bell School Road, Rockford, Illinois (the "**Subject Property**").   Amended Complaint at ¶ 10.   Plaintiff, therefore, seeks attorneys' fees, costs and injunctive relief.  Amended Complaint at ¶ 20-21.  Plaintiff attempts to cover the clear holes in her original Complaint by adding new, vague allegations about plans to travel to Illinois sometime in the future. **Critically, however, Plaintiff never alleged in the Complaint or Amended Complaint that she has visited the state of Illinois, the town of**

Rockford, the Subject Property or that she has any specific and concrete plans to visit the **Subject Property in the future.** The Amended Complaint does not allege that Plaintiff has any specific reason to travel anywhere in Illinois for any reason or a concrete plan to visit the Subject Property in particular, only that Plaintiff plans to visit Illinois after COVID abates.

### III.   LEGAL ARGUMENT

#### A.   Courts Must *Sua Sponte* Assess Standing For Subject Matter Jurisdiction

"Article III of the Constitution limits the jurisdiction of the federal courts to actual cases or controversies." *UAW v. Johnson*, 674 F.2d 1195, 1198 (7th Cir. 1982). Accordingly, it is well-settled that the party asserting federal jurisdiction must "carry the burden of establishing standing" as the proper party under Article III. *Hinrichs v. Speaker of the House of Representatives*, 506 F.3d 584, 590 (7th Cir. 2007); *see also Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012) ("Plaintiffs—as the party invoking federal jurisdiction—bear the burden to establish standing.").

Moreover, "it has been the virtually universally accepted practice of the federal courts to permit any party to challenge or, indeed, to raise *sua sponte* the subject-matter jurisdiction of the court at any time and at any stage of the proceedings." *Craig v. Ont. Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) (internal citations omitted). Indeed, "the court itself ha[s] a duty to ascertain the propriety of its jurisdiction" and "[i]f a federal court doubts its jurisdiction, it should address its concerns *sua sponte*." *Mader v. Motorola, Inc.*,1999 U.S. App. LEXIS 7283, at *5 (7th Cir. Apr. 9, 1999); *see also Wellness Int'l Network, Ltd. v. Sharif*, 727 F.3d 751, 768 (7th Cir. 2013) ("[I]t is true that questions of subject-matter jurisdiction may be raised at any time, as parties cannot consent to subject-matter jurisdiction; indeed, such questions must be considered by a court sua sponte.").

B.      **Standing Requires Concrete Harm Among Other Elements**

To establish standing a plaintiff must demonstrate (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (2) "a causal connection between the injury and the conduct complained of," and (3) redressability of the injury by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–65 (1992). Where "a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

"For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo,* 136 S. Ct. at 1548 (quoting *Lujan,* 504 U.S. at 560 n.1). **To be "concrete" an injury "must actually exist": the injury must be "real" and not "abstract."** *Id.* **Generally, "even in the context of a statutory violation," "a bare procedural violation, divorced from any concrete harm," does not satisfy the injury-in-fact requirement of Article III.** *Id.* at 1549– 50 (emphasis added - holding that the plaintiff could not satisfy the demands of Article III by simply alleging that consumer reporting agency disseminated information in violation of the Fair Credit Reporting Act of 1970: "[a] violation of" a "procedural requirement[] may result in no harm" and not all "inaccuracies cause harm or present any material risk of harm"). A "risk of real harm" may "satisfy the requirement of concreteness." *Id.* at 1549 (noting statutes where the violation of a procedural right would be sufficient because Congress identified harms sufficient to constitute injury in fact). Thus, "the critical question for standing purposes is whether the alleged violations "entail a degree of risk sufficient to meet the concreteness requirement.'" *Crabtree v. Experian Info. Sols., Inc.*, 948 F.3d 872, 877 (7th Cir. 2020) (quoting *Spokeo,* 136 S. Ct. at 1550).

4

C.      **Injunctive Relief Requires Risk Of Immediate Injury**

To have standing to seek injunctive relief in particular, Plaintiff "must show that [she is] under an actual or imminent threat of suffering a concrete and particularized injury in fact; that this injury is fairly traceable to the defendant's conduct; and that it is likely that a favorable judicial decision will prevent or redress the injury." *Common Cause Ind. v. Lawson*, 937 F.3d 944, 949 (7th Cir. 2019) (quoting *Summers v. Earth Island Inst.*, 129 S. Ct. 1142 (2009); *see also United Asset Coverage, Inc. v. Avaya Inc.*, 409 F. Supp. 2d 1008, 1041 (N.D. Ill. 2006) ("[A] plaintiff's entitlement to preliminary injunctive relief requires it, in addition to showing that its harm is irreparable, to show that the harm is imminent as well.").

D.      **Plaintiff Here Lacks Standing Because There Is No Concrete Harm**

Plaintiff is a resident of Florida.  Amended Complaint at ¶ 1.  There are no facts in the Complaint indicating that she has ever traveled to Rockford, Illinois, or anywhere in Illinois or has any plans to do so in the future.  Plaintiff makes only vague allegations hastily included in the Amended Complaint that she plans to travel to Illinois sometime in the future.  Amended Complaint at ¶ 13.

Furthermore, Plaintiff alleges that she is a "tester" for the ADA.  Amended Complaint at ¶ 2.  However, her status as a "tester" is not sufficient to establish subject matter jurisdiction in this action. *See Griffin v. Dep't of Labor Fed. Credit Union,* 912 F.3d 649, 656 (4th Cir. 2019) (holding that a plaintiff who was ineligible to be a member of a credit union failed to establish standing to bring an ADA claim concerning its website because tester status "cannot create standing in the absence of an otherwise plausible assertion that a return to the website would allow [the plaintiff] to avail himself of its services"); *see also Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 833 (7th Cir. 2019) ("[W]hile tester status does not defeat standing, it does not automatically

5

confer it either. A tester must still satisfy the elements of standing, including the injury-in-fact requirement.") (internal quotation citation omitted).

Multiple courts have taken notice of these types of spam style ADA lawsuits without the requisite standing. Such courts have dismissed nearly identical cases or filed orders to show cause *sua sponte* regarding whether standing and subject matter jurisdiction exists. For example, the court in *Laufer v. Laxmi & Sons, LLC,* 1:19-cv-01501-BKS-ML, 2020 U.S. Dist. LEXIS 79545 (N.D.N.Y. May 6, 2020), **involving the same Plaintiff as the case at hand, Laufer**, issued a *sua sponte* Memorandum-Decision and Order regarding Plaintiff's lack of standing, stating "There are no facts in the Complaint or Plaintiff's affidavit indicating that she has ever traveled to Rensselaer, New York, or anywhere in New York, or that she has any reason to travel anywhere in New York or any reason to seek lodging anywhere in New York." *Id.* Doc #15 at p. 7. The court went on to say "the Court questions whether the Plaintiff has established standing, in accord with *Spokeo, Kreisler,* and *Deeper Life Christian Fellowship, Inc,* and thus whether the Court has subject matter jurisdiction over this action." *Id.* Doc #15 at p. 9.

Other courts have taken notice of Plaintiff's abuse of litigation as well. For example, in *Laufer v. 1110 Western Albany, LLC*, Case No. 1:19-cv-01324-BKS-ML, 2020 U.S. Dist. LEXIS 81128 (N.D.N.Y. May 7, 2020), the Court issued an Order on May 7, 2020 noting that "Plaintiff Deborah Laufer, a Florida resident … has 29, nearly identical, cases pending against different defendants in the Northern District of New York." *Id.* Doc # 21 at p. 1. The court went on to find that "There appears to be a **serious question as to whether Plaintiff has established standing**, in this, or any of her other cases, and thus whether the Court has subject matter jurisdiction over these actions." *Id.* Doc # 21 at p. 2 (emphasis added). The court then ordered that Plaintiff file briefs addressing whether she has standing in that case and 27 other cases filed by Plaintiff Laufer

listed in the court's Exhibit A attached to the Order. *Id.* Doc # 21 at p. 2. Subsequent to that, the case was dismissed due to settlement. *Id.* Doc # 22, 23. Similarly, the Court here should question Plaintiff's standing, which in fact does not exist.

In New Jersey, The Hon. Renee Marie Bumb issued an Order to Show Cause applicable to three very similar cases also brought by a serial ADA plaintiff residing in Florida alleging violations on defendant's website reservations system. *Hernandez v. Caesars License Co., LLC*, Case No. 1:19-cv-06087-RMB-KMW (USDC DNJ), Doc # 4; *Hernandez v. Caesars License Co., LLC*, Case No. 1:19-cv-06088-RMB-KMW (USDC DNJ), Doc # 4; *Hernandez v. Montego Bay Resort and Conference Center*, Case No. 1:19-cv-06091-RMB-AMD (USDC DNJ), Doc # 4. *See* Request for Judicial Notice ISO MTD, Exhibit 2. The Court's Order could easily be applied to this case:

> An examination of the facts alleged in the complaints leads this Court to question **whether Plaintiff has established that he has suffered an injury in fact.** Plaintiff alleges that he "visited the Property's website for the purpose of reviewing an assessing the accessible features at the Property in order to ascertain whether it meets Plaintiff's individual disability needs[.]" (Complaints ¶ 30) The complaints do not plead how many times Plaintiff visited each website. Moreover, while Plaintiff pleads a laundry list of "disability accommodations" he was "unable to verify" "whether the Property contain[ed]," (Complaints ¶ 31), **the complaints do not even plead that Plaintiff, who "resides in Miami, Florida," (Complaints, ¶ 1) has any intention of visiting New Jersey, much less the specific properties identified in the complaints.** Rather, Plaintiff merely pleads in conclusory fashion that "Plaintiff intends to revisit Defendant's or Defendant's third-party agent's website and/or online reservation system in order to test it for compliance with 28 C.F.R. § 36.302(e)[2] and/or otherwise determine if the site provides enough information for Plaintiff to determine whether the site comes

---

[2] The Court notes that 28 C.F.R. § 36.302(e) (1), which Plaintiff cites in his complaints, does not impose a specific duty on places of public accommodation to include descriptions of disability accommodations on their websites. The regulation merely requires that a place of public accommodation "[i]dentify and describe accessible features . . . in enough detail to permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." 28 C.F.R. § 36.302(e) (1) (ii). The regulation is silent as to where or how a place of public accommodation must identify and describe its accessible features, and Plaintiff's complaints are silent in this regard.

into compliance with the guidelines of the aforementioned law."
(Complaints ¶ 39)

Thus, it does not appear that Plaintiff has pled an injury
in fact. In this regard, the Court finds this case analogous to *Murray
v. Lifetime Brands, Inc.*, No. CV 16-5016, 2017 WL 1837855
(D.N.J. May 8, 2017). In that case, as here, the plaintiff's claim was
premised on an "'unlawful denial of access to information subject
to disclosure.'" Id. at *3 (quoting *In re: Nickelodian Consumer
Privacy Litig.*, 827 F.3d 262, 273-74 (3d Cir. 2016)). In *Murray*,
Judge Hillman held that the plaintiff had not established an injury
in fact, explaining, "[c]ritically, what Murray fails to do, however, is
identify the harm that resulted from allegedly not knowing what she
asserts the [law] requires [defendant] to tell her." *Id*. at *4,

In this case, too, Plaintiff fails to plead what actual,
concrete harm he suffered, or will continue to suffer, as a result
of allegedly being unable to determine whether each property has
disability accommodations that meet his needs.

*Hernandez v. Caesars License Co., LLC*, Case No. 1:19-cv-06087-RMB-KMW (USDC DNJ),
Doc # 4 at p. 4-5 (emphasis added). The court then ordered that plaintiff show cause "why this
case should not be dismissed for lack of Article III standing." *Id*. at p. 6. The defendant
subsequently filed a motion to dismiss much like the present motion, and the court issued an
Order granting defendant's motion to dismiss for lack of subject matter jurisdiction.
*Hernandez v. Caesars License Co., LLC*, Case No. 1:19-cv-06087-RMB-KMW (USDC DNJ),
Doc # 25. The same thing occurred in the second case, *Hernandez v. Caesars License Co., LLC*,
Case No. 1:19-cv-06088-RMB-KMW (USDC DNJ), Doc 24. In the third case, plaintiff filed a
notice of voluntary dismissal, presumably acknowledging the lack of standing and jurisdiction.
*Hernandez v. Montego Bay Resort and Conference Center*, Case No. 1:19-cv-06091-RMB-AMD
(USDC DNJ), Doc # 5. Here too, the case lacks subject matter jurisdiction and the Amended
Complaint should be dismissed by the Court.

**E.** **Because Courts Determine Jurisdiction Based On The Original Complaint, The Filing Of The Amended Complaint Cannot Cure Defects In The Complaint**

"In determining federal court jurisdiction, we look to the original, rather than to the amended, complaint. Subject matter jurisdiction must exist as of the time the action is commenced." *Morongo Band of Mission Indians v. Cal. State Bd. Equalization,* 858 F.2d 1376, 1380 (9th Cir. 1988). As a result, "[i]f jurisdiction is lacking at the outset, the district court has 'no power to do anything with the case except dismiss." *Id.* (internal citations omitted). The grant of leave to amend is a nullity if jurisdiction was lacking. *Id.* at 1381. Here, the allegations of the Amended Complaint should not be considered in ruling on the instant Motion to Dismiss.

As the Supreme Court stated, "jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit." *Conolly v. Taylor,* 27 U.S. 556, 565 (1829). Courts in the Seventh Circuit agree. *See e.g., Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 248 (7th Cir. 1981) ("Jurisdictional questions are answered by reference to the time of the filing of an action, and the party asserting jurisdiction bears the burden of establishing its existence."). Here, there was no standing, and thus no jurisdiction, at the time of the filing of the case. The Court, therefore, should dismiss the Amended Complaint.

Further, while the Amended Complaint attempts to plead facts for standing to sue, it does not provide any actual evidence necessary to establish standing. As previously set forth in Defendant's Motion to Dismiss Plaintiff's Complaint, where the moving party makes a factual challenge by presenting evidence on a Rule 12(b)(1) motion to dismiss, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Wolfe v. Strankman,* 392 F.3d 358, 362 (9th Cir. 2004); *see also Purely Driven Prods., LLC v. Chillovino,* LLC, 171 F. Supp. 3d 1016, 1018 (C.D. Cal. 2016) ("In

9

reviewing factual attacks, '[t]he court need not presume the truthfulness of the plaintiff's allegations.' *Id.* Plaintiff bears the burden of establishing federal subject matter jurisdiction"); *see also Whitaker v. LSB Prop. Mgmt., LLC,* 2020 U.S. Dist. LEXIS 108874, at \*11 (C.D. Cal. June 22, 2020) ("Although Plaintiff acknowledged the Ninth Circuit has held that minimal allegations that might survive a facial attack may not survive a factual attack…he made no effort to make any additional showing. **Therefore, Plaintiff fails to satisfy his burden of establishing subject matter jurisdiction**.") (emphasis added).

Here, the Amended Complaint does not meet Plaintiff's burden to prove facts necessary to establish jurisdiction, and Plaintiff's desperate and incomplete attempts to fix defects in the case through a few vaguely worded allegations are not sufficient. Plainly, Plaintiff lacks standing to bring this case and accordingly, the Amended Complaint must be dismissed.

## IV.    CONCLUSION

Plaintiff lacks standing in this case, and it is respectfully submitted that the Court accordingly lacks subject matter jurisdiction. This issue has been thoroughly explored by other courts, including in dozens of cases involving this very Plaintiff, resulting in orders and dismissals for lack of jurisdiction. Thus, Defendant respectfully requests that the Court dismiss Plaintiff's Amended Complaint with prejudice for lack of subject matter jurisdiction as well.

Dated:  October 29, 2020            Respectfully submitted,

**ESA P PORTFOLIO, L.L.C. D/B/A EXTENDED STAY AMERICA – ROCKFORD**

By:  */s/ Sonya Rosenberg*                  
      SONYA ROSENBERG, ESQ.
      IL Bar No.: 6293663
      2 N. LaSalle, Suite 1700
      Chicago, Illinois 60602
      (312) 269-8000
      srosenberg@nge.com

       -and-

By:  */s/ Stuart K. Tubis*                  
      STUART K. TUBIS, ESQ. (*Pro Hac Vice
      Application to be filed*)
      Two Embarcadero Center, Fifth Floor
      San Francisco, CA 94111
      Telephone: 415-398-8080
      Facsimile: 415-398-5584
      skt@jmbm.com

11

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby declares that on this 29th day of October, 2020, a true and accurate copy of the foregoing **Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint** was served via the court's Electronic Case Filing system on all counsel of record.

/s/ *Sonya Rosenberg*
Sonya Rosenberg