UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBORAH LAUFER, Individually,<br><br>  Plaintiff,<br><br>vs.<br><br>ESA P PORTFOLIO, LLC, d/b/a<br>EXTENDED STAY AMERICA –<br>ROCKFORD, A Foreign Limited Liability<br>Company,<br><br>  Defendant. | Case No. 1:20-cv-04594-MSS |

### REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

**I. INTRODUCTION**

Plaintiff Deborah Laufer ("**Plaintiff**" or "**Laufer**") is a resident of Florida and never alleges in the Amended Complaint that she has ever visited either the state of Illinois or the hotel in question. Thus, there is no concrete current harm or risk of future harm. To satisfy federal pleading requirements, Plaintiff must sufficiently allege facts which, if proven true, state a claim upon which relief can be granted. Fed. R. Civ.P. 12(b)(6). Plaintiff has not done so. Despite a lengthy Opposition, Plaintiff cannot overcome with any volume of words the fact that standing does not exist in this matter. Accordingly, the Court should grant the Motion to Dismiss filed by Defendant ESA Management, LLC, erroneously named as ESA P Portfolio LLC d/b/a Extended Stay America Rockford ("**Defendant**").

Defendant further encourages the Court to hold an evidentiary hearing on the issue of Plaintiff's standing and whether she has a genuine intent to visit the hotel, or any of the nearly 600 other locations sued recently.

1

31371998_1

## II. DISCUSSION

### A. Courts Deciding The Same Issue With Laufer Have Held That Standing Does Not Exist

A growing body of decisions involving virtually identical cases filed by Laufer show that standing does not exist. The closest match to the case at hand is *Laufer v. BRE/ESA P Portfolio, LLC*, Case 1:20-cv-01973-SAG (D. Md. 2020). In that case, Laufer sued the exact same hotel chain, Extended Stay America, oddly selecting a different subsidiary defendant. Thus, the case involved the same plaintiff and the same defendant entity, as well as the exact same issues and exact same fact pattern. Extended Stay America similarly filed a motion to dismiss based on lack of standing. *Id.* Doc # 5. Plaintiff then filed an opposition using language that often seems copied and pasted into this case. Thus, the two cases are nearly identical.

On November 19, 2020, less than two weeks ago, the court in that matter issued its Order, granting the defendant's motion to dismiss. *Id.* Doc #17. In doing so, the court stated that "[t]his Court agrees with the recent opinion expressed by United States District Judge Paula Xinis in *Laufer v. Ft. Meade Hospitality, LLC,* Civ. No. 20-1974-PX, 2020 WL 6585955, at *3 (Nov. 10, 2020), that the Fourth Circuit's opinion in *Griffin* is "decisive" on the issue of Laufer's standing." *Id.* Doc #17 at p. 4. The Court went on to state, "**Laufer's Complaint is defective because she too has failed to plead individual or particularized injury. Like Griffin, she asserts that the reservation websites do not comport with the ADA's requirements, causing her informational injury because she is unable to assess the suitability of the facility and to reserve a room that adequately accommodates her disability.**" *Id.* at p. 6 (emphasis added). Thus, that court, in deciding the exact same issue, involving the exact same fact pattern, and in essence the same parties, concluded that Plaintiff lacked standing to bring these claims. Put simply, there is no sufficient injury in fact for a person clicking buttons in Florida to bring claims

2

against hundreds of hotels thousands of miles away which she has not in the past and has no actual future intent to visit.

Indeed, the Court in ruling on the instant motion should heed the same caution expressed by the court in *Laufer v. BRE/ESA P Portfolio, LLC*. At the end of its opinion, that court reprimanded Plaintiff's counsel for misleading the Court by proffering favorable case law while neglecting to mention unfavorable case law of which it was involved and thus clearly aware, by stating the following:

> Remarkably, Plaintiff filed a Notice of Supplemental Authority on November 13, 2020, describing a ruling issued earlier this month by a United States District Court in the Northern District of Illinois. ECF 16. That Court, applying Seventh Circuit law, found that Plaintiff had standing to sue a lodging establishment in Illinois. *Id.* This Court notes with disfavor counsel's apparent practice of notifying this Court only of favorable rulings, while declining to notify this Court of the unfavorable ruling on the same issue by Judge Xinis, a federal judge in this district, on November 10, 2020. Plaintiff is represented by the same attorney in this case and in Judge Xinis's case, so there can be no question that counsel was aware of her ruling, which rested on Fourth Circuit precedent. **Selectively updating the Court on beneficial case law from far afield jurisdictions, while failing to mention adverse developments in a near-identical case from this very district, borders on a violation of counsel's duty of candor to the court. This Court warns counsel not to engage in such conduct in the future.**

*Id.* at p. 8 (emphasis added).

Similarly, in *Laufer v. Mann Hosp., LLC*, No. A-20-CV-00620-JRN, 2020 BL 399102, 2020 U.S. Dist. LEXIS 191630 (W.D. TX. Sep. 30, 2020), the court considered the very same issues as the case at hand, also involving a claim by Laufer. On September 30, 2020, the court found that Plaintiff lacked a genuine intent to visit the hotel in question and, therefore, lacked standing to bring the lawsuit.

3

> Here, Plaintiff's residence is around 1060 miles from Defendant's business, Plaintiff does not claim to have ever visited Defendant's business before, **Plaintiff has not provided any evidence suggesting future plans to visit, and Plaintiff has not provided any evidence suggesting she visits Caldwell, Texas frequently**. The Deutsch court held that finding standing where the plaintiff "ha[d] a pattern of suing randomly selected business with which [he] had little or no prior relationship, and no plans of creating one in the future . . . would be to **stretch the notion of standing past the breaking point.**" Deutsch, [2017 BL 70547], 2017 WL 913813 , at *5 .

*Id.* Doc # 15 at p. 8-9 (emphasis added). In considering defendant's motion to dismiss, the court in *Mann Hospitality, LLC* ultimately concluded that Plaintiff was interested in little more than extraction of settlement funds from distant businesses, which was not sufficient to create standing for a federal lawsuit.

> The Court concludes that Plaintiff has failed to establish that she intends to patronize the Sunset Inn in Caldwell, Texas. Rather, **it appears that her and her attorney's sole intent in this litigation is to bully the Defendant into handing over as much money as possible, completely without a relationship with the business.** Therefore, the Court finds that Plaintiff has failed to demonstrate an "actual or imminent" injury that is not merely "conjectural or hypothetical," or that she has "concrete plans" to patronize the business in the future. **Plaintiff has no standing**, and the case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

*Id.* Doc # 15 at p. 9 (emphasis added). The court accordingly dismissed Laufer's complaint for lack of standing. The Court here should rule in the same way. Furthermore, because the motion to dismiss in the *Mann Hospitality, LLC* case was filed on August 20, 2020, Plaintiff and Plaintiff's counsel were aware of the problem with standing well before filing the nearly identical Amended Complaint in the instant action on October 8, 2020 (Doc #15).

In *Laufer v. Ft. Meade Hosp., LLC*, No. 20-cv-1974-PX, 2020 BL 436926, 2020 U.S. Dist. LEXIS 210299 (D. Md. Nov. 10, 2020), the court again considered another nearly identical case brought by Laufer, as well as the issue of Laufer's standing, this time *sua sponte*. In that

4

case, Laufer brought a motion for default judgement against the defendant. Earlier this month, the court issued an Order denying Laufer's motion for default judgement and dismissing the Complaint for lack of standing. In doing so, the court stated:

> Accordingly, as in Griffin, Laufer has plead no facts which sets her claimed informational injuries apart from anyone who accesses the online reservation services. In this critical respect, Laufer has **failed to plead an injury sufficiently concrete and particularized** to confer standing.
>
> …
>
> But Laufer pleads nothing about her intent or ability to access these very hotel services in person. She does not present any facts to make plausible that she would or could stay at the hotel or even travel to Maryland. In fact, the Complaint makes plausible the opposite - that her role as a "tester" who routinely monitors online reservation websites for ADA compliance renders it **more probable she will not stay at any of the scores of hotels she is searching on the internet.**

*Id.* Doc #8 at p. 7 (emphasis added). The Court here should reach the same conclusion in order to achieve a just outcome.

In *Laufer v. Laxmi & Sons, LLC,* 1:19-cv-01501-BKS-ML, 2020 U.S. Dist. LEXIS 79545 (N.D.N.Y. May 6, 2020), **involving the same Plaintiff as the case at hand**, the court issued a *sua sponte* Memorandum-Decision and Order regarding Plaintiff's lack of standing, stating "[t]here are no facts in the Complaint or Plaintiff's affidavit indicating that she has ever traveled to Rensselaer, New York, or anywhere in New York, or that she has any reason to travel anywhere in New York or any reason to seek lodging anywhere in New York." *Id.* Doc #15 at p. 7. The court went on to say "the Court questions whether the Plaintiff has established standing, in accord with *Spokeo, Kreisler,* and *Deeper Life Christian Fellowship, Inc,* and thus whether the Court has subject matter jurisdiction over this action." *Id.* Doc #15 at p. 9. Again,

5

this case was decided months before Plaintiff's Complaint was filed in the instant action; thus, Plaintiff knew of her deficient standing before even filing the current lawsuit.

Other courts have taken notice of Plaintiff's abuse of litigation as well. For example, in *Laufer v. 1110 Western Albany, LLC*, Case No. 1:19-cv-01324-BKS-ML, 2020 U.S. Dist. LEXIS 81128 (N.D.N.Y. May 7, 2020), the court issued an Order on May 7, 2020 noting that "Plaintiff Deborah Laufer, a Florida resident … has 29, nearly identical, cases pending against different defendants in the Northern District of New York." *Id.* Doc # 21 at p. 1. The court went on to find that "[t]here appears to be a **serious question as to whether Plaintiff has established standing**, in this, or any of her other cases, and thus whether the Court has subject matter jurisdiction over these actions." *Id.* Doc # 21 at p. 2 (emphasis added). The court then ordered that Plaintiff file briefs addressing whether she has standing in that case and 27 other cases filed by Plaintiff listed in the court's Exhibit A attached to the Order. *Id.* Doc # 21 at p. 2. Subsequent to that, the case was dismissed due to settlement. *Id.* Doc # 22, 23. Similarly, the Court here should question Plaintiff's standing, which in fact does not exist. Additionally, since the decision in the Northern District of New York issued in May of 2020, Plaintiff was put on notice about her deficient standing well before the filing of the instant lawsuit.

**Shockingly, Laufer has filed <u>nearly 600 largely identical ADA lawsuits</u> against hotels across the country, most in 2020.** *See* Request for Judicial Notice, Exhibit 1. These cases were filed in multiple district courts in New York, Colorado, Connecticut, District of Columbia, Florida, Georgia, Illinois, Massachusetts, Maryland, Maine, New Jersey, Pennsylvania, Rhode Island, Texas, and Wisconsin at last count. This is simply not a just and fair use of the courts; indeed, the list of cases extends to 22 pages long at size 9 font. Moreover,

6

Laufer cannot reasonably have a genuine intention to visit each such hotel sued, particularly during the COVID-19 pandemic.

It is the responsibility of the courts to ensure a just outcome, and, to do so, this Court should not allow Laufer to spam the system and enrich herself without appropriate standing. The spam style litigation tactic used by Laufer is particularly objectionable during the global COVID-19 pandemic in which many individuals and businesses are struggling to survive, particularly hotels. Thus, instead of allowing Laufer to extract money from hundreds of struggling businesses throughout the United States that she has no real, legitimate intention of visiting, Defendant requests that the Court grant its motion to dismiss for lack of standing.

### B. Courts Deciding The Same Issue With Other Plaintiffs Have Held Standing Does Not Exist

In *Hernandez v. Caesars License Co.*, Case NO. 19-cv-06090, 2019 BL 380939, (D.N.J. Oct. 04, 2019), the facts very closely mirror the fact in this case, ultimately resulting in the court dismissing the amended complaint. Just as in this case, the plaintiff in *Hernandez v. Caesars License Co.* was a Florida resident alleging website issues related to the defendant's physical location in New Jersey. Defendant filed a motion to dismiss, which the plaintiff met with an amended complaint. The court then considered the motion to dismiss as applied to the amended complaint, and specifically considered the issue of standing. In its analysis, the court discussed tester standing, and stated that, "[a] motion to dismiss under Fed. R. Civ. P. 12(b)(1) must be granted if the court lacks subject-matter jurisdiction over a claim." *Id.* at 2. Ultimately, the court found that plaintiff's arguments regarding tester standing in the District of New Jersey were not convincing and granted the motion to dismiss, holding that, "[w]ithout an allegation that he was actually considering staying in Harrah's or that his experience accessing information on the Website was detrimentally different due to his disability, Plaintiff cannot demonstrate concrete

injury… For the foregoing reasons, Defendant's Motion to Dismiss (Doc. No. 10) is GRANTED and Plaintiff's Amended Complaint (Doc. No. 11) is DISMISSED." *Id.* Doc # 19 at p. 5.

The facts are nearly identical here, as both cases involved the same pattern of serial ADA filers residing in Florida spamming the courts with ADA lawsuits alleging claims against properties, located many states away, that they have never visited and have no specific intent to visit in the future. And, both cases involve the plaintiff attempting to establish tester standing with an amended complaint, despite lacking concrete plans to visit the property in question. Thus, the outcome in both cases should be the same — namely, that this matter is dismissed for a similar lack of standing.

Many other courts have confirmed that a plaintiff's non-specific assertion of a general desire to return to a defendant's establishment for the sole purpose of confirming ADA-compliance, without more, is insufficient to establish standing. *See, e.g., Harty v. Luihn Four, Inc.*, 747 F. Supp. 2d 547 (E.D.N.C. 2010) (holding that plaintiff lacked standing to sue for a visit to a store hundreds of miles from his home); *see also Harty v. Greenwich Hospitality Group, LLC d/b/a Hampton Inn & Suites*, 536 F. App'x 154 (2d Cir. 2013) (holding that a plaintiff who lives thousands of miles away from a location, who only visited it once and who had no specific plans to return lacked standing to file an ADA claim); *see also Norkunas v. Park Road Shopping Center, Inc.*, 777 F.Supp.2d 998, 1005 (W.D.N.C. 2011) (**"[T]he law makes clear that a Title III plaintiff cannot use her status as a tester to satisfy the standing requirements** where she would not have standing otherwise. Thus, the naked assertion of a desire to return to a defendant establishment for the sole purpose of confirming ADA-compliance, without more, is insufficient to establish standing."); *see also Faircloth v. McDonald's Corp.,* No. 18 C 1831, 2018 U.S. Dist. LEXIS 193286, at *9 (N.D. Ill. Nov. 13,

2018) ("With no allegations of past injury or sufficiently specific allegations of future injury, Faircloth lacks standing to sue for violations of the ADA at the Raleigh McDonald's.").

Similarly, *Payne v. Sears, Roebuck & Co.,* No. 5:11-CV-614-D, 2012 U.S. Dist. LEXIS 75486 (E.D.N.C. May 31, 2012), closely resembles the case at hand. In *Payne* the plaintiff was also a Florida resident suing for ADA violations at a Sears store several states away in North Carolina, and in response, the defendant moved to dismiss based on the plaintiff's lack of standing. The court applied a four factor test for standing under Title III of the ADA:

> Courts consider four factors to determine whether an individual ADA Title III plaintiff has demonstrated a "real and immediate threat of future harm" and thus satisfied the first requirement for Article III standing—an alleged injury in fact. These factors are: (1) the proximity of the plaintiff's residence to the alleged offending establishment; (2) the plaintiffs past patronage of the establishment; (3) the definitiveness of the plaintiffs plan to return to the establishment; and (4) whether the plaintiff frequently travels nearby.

*Id.* at p. 3.

Thus, the **four factors to consider in whether a Title III ADA plaintiff has standing** are as follows:

**(1)** the **proximity** of the plaintiffs residence to the alleged offending establishment;

**(2)** the plaintiffs **past patronage** of the establishment;

**(3)** the definitiveness of the plaintiffs **plan to return** to the establishment; and

**(4)** whether the plaintiff **frequently travels nearby.**

The four factors considered by the court in the *Payne* matter were mixed. Nonetheless, the court ultimately found that "[i]n sum, the relevant factors indicate that Payne has not shown a 'real or immediate threat that [she] will be wronged again.' *Id.*, quoting *Lyons*, 461 U.S. at 111.

Here, Defendant submits to the Court that the four relevant factors are far more favorable to the defense than they were in the *Payne* case. The four factors of Title III ADA standing are applied to the present case below:

(1) **Proximity:** Here, Plaintiff lives in Florida, even *farther* from the Illinois property at issue than in the *Payne* case.

(2) **Past patronage:** Here, Plaintiff *never* alleged to have visited the property at issue in Illinois.

(3) **Plan to return:** Here, Plaintiff *never* alleged in the Complaint an intent to return to or visit the hotel in Illinois, only making cursory allegations that Plaintiff intends to visit the state when the COVID crisis is over. This is a very distant, uncertain and abstract allegation relating to sometime in the future.

(4) **Frequency of travels nearby:** Here, Plaintiff failed to plead that she has ever even visited Illinois, a very far cry from frequent travel to the area.

Put simply, the four factors considered in the *Payne* case support dismissal of the present case even more strongly than in the *Payne* case, which resulted in dismissal.

C. **Dignitary Injuries Can Suffice For Standing, But Plaintiff Must Also Plead And Establish That She Suffered An Injury In Fact**

In her Opposition, Plaintiff points out that informational and dignitary injuries, such as the inability to obtain information on a website, can indeed suffice to support Article III standing. Opposition (Doc #19) at p. 3. Defendant acknowledges this point. However, Plaintiff here has not demonstrated a dignitary injury because Plaintiff has not demonstrated a genuine intent to obtain information about the hotel for the logical application of such information – visiting the hotel. If Plaintiff had a genuine intent to visit the hotel in question, not being able to obtain information about it online could indeed be a dignitary injury sufficient for standing, as

10

the court pointed out in *Laufer v. U.L.S.T., LLC dba Waterfront Hotel & Marina,* 1:20-cv-3527, DE 34 (N.D.Ill. November 4, 2020). However, this is not the case here, and the present matter is distinguishable from *Waterfront Hotel* on that basis. Plainly, Plaintiff has failed to plead a genuine intent to visit the hotel, and thus, there is no dignitary harm at issue. Considering Plaintiff's prolific filings of nearly identical ADA cases across the country, Defendant fails to see any actionable dignitary harm suffered by Plaintiff in this matter. There is no injury in fact.

### D. The Requirements For Standing Do Not Derive From The ADA

From page 5 to page 13 of Plaintiff's Opposition, Plaintiff attacks a strawman argument. In short, Plaintiff argues that the text of the ADA does not explicitly require an intent to visit or return to the property, and since no such requirement is stated in the statute, the Court should not impose one. **But Plaintiff misses the point that the requirement for an injury-in-fact element and connection to the property derives from the constitutional requirement for standing, not from the ADA.** In 2017's *Nanni v. Aberdeen Marketplace, Inc.,* the Fourth Circuit explained that "[i]n order for Nanni [plaintiff] to pursue his ADA claim, he must satisfy "the irreducible constitutional minimum of standing" that is required in order to invoke jurisdiction in the federal courts. *See Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 454, (4th Cir. 2017), citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). The court in *Nanni then* goes on to explain exactly why standing is required:

> In order to possess standing to sue in this proceeding, **Nanni must satisfy the elements of standing enunciated by the Supreme Court in its *Lujan* decision.** And only one of those elements — the "**injury-in-fact**" element — is being litigated here. To satisfy that specific element, the Complaint must show that Nanni "suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *See Lujan*, 504 U.S. at 560 (footnote, citation, and internal quotation marks omitted). As further mandated by *Lujan*, because Nanni is seeking prospective

11

> declaratory and injunctive relief rather than damages, **the allegations in the Complaint of past injuries "do[] not in [themselves] show a present case or controversy . . . if unaccompanied by any continuing, present adverse effects."** Id. at 564 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95 , 102, 103 S. Ct. 1660 , 75 L. Ed. 2d 675 (1983)).

*Id*. At 454 (emphasis added).

Plaintiff's Opposition uses nearly 10 pages to attack an argument that Defendant never advanced and that ignores basic principles of law. More specifically, Plaintiff ignores the basic constitutional requirements for standing in favor of a detailed description of how the text of the ADA does not explicitly require standing. But Plaintiff cannot escape the basic standing requirement of *Lujan* that an ADA plaintiff have more than "past injuries" without future adverse effects. Here, Plaintiff claims as a Florida resident that she will possibly one day visit a hotel in Illinois in an area which she has no connection or concrete reason to visit. These claims do not meet the clear constitutional requirements for standing outlined by the court in *Lujan* and applied by many other courts. *See e.g., Perry v. Sheahan*, 222 F.3d 309, 314 (7th Cir. 2000) (noting that Plaintiff lacked standing because he "alleged only past injury, but [could not] demonstrate a realistic threat that he would be the subject of another" redressible injury in the future); *see also Scherr v. Marriott Int'l,* 703 F.3d 1069, 1075 (7th Cir. 2013) (holding that plaintiff could not establish standing to pursue claims against defendant hotels absent her showing of a specific intent to visit the particular hotel in question). This is even more true in light of the more than 500 nearly identical ADA lawsuits that Plaintiff has filed. The face of the Amended Complaint demonstrates that Plaintiff is not an individual with a genuine intent to visit the defendant's property in Illinois. She is an individual with a desire to extract settlement sums from businesses that she will likely never visit. Court intervention is required.

### III. CONCLUSION

Plaintiff lacks standing in this case, and the Court accordingly lacks subject matter jurisdiction. For all the reasons above, Defendant respectfully requests that the Court dismiss Plaintiff's Amended Complaint.

Dated: November 30, 2020

Respectfully submitted,

**ESA MANAGEMENT, LLC**

By: */s/ Sonya Rosenberg*
SONYA ROSENBERG, ESQ.
IL Bar No.: 6293663
2 N. LaSalle, Suite 1700
Chicago, Illinois 60602
(312) 269-8000
srosenberg@nge.com

-and-

By: */s/ Stuart K. Tubis*
STUART K. TUBIS, ESQ. (*Pro Hac Vice Application to be filed*)
Two Embarcadero Center, Fifth Floor
San Francisco, CA 94111
Telephone: 415-398-8080
Facsimile: 415-398-5584
skt@jmbm.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby declares that on this 30th day of November, 2020, a true and accurate copy of the foregoing **Reply in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint** was served via the court's Electronic Case Filing system on all counsel of record.

                                                        /s/    *Sonya Rosenberg*
                                                        Sonya Rosenberg

31371998.1