# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEBORAH LAUFER, Individually,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| **v.** : | **Case No. 1:20-cv-04594** |
| : | |
| **ESA P PORTFOLIO L.L.C. d/b/a** : | |
| **EXTENDED STAY AMERICA -** : | |
| **ROCKFORD, a Foreign Limited Liability** : | |
| **Company,** : | |
| : | |
| **Defendant.** : | |
| _____/ : | |

## PLAINTIFF'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff, by and through undersigned counsel, hereby responds to the Notice of

Supplemental Authority filed by Defendant regarding *Laufer v. Ft. Meade Hosp., LLC*, 2020

U.S. Dist. LEXIS 210299 (D.Md. 11/10/20). There, the court denied plaintiff's motion for

default judgment and improperly held that plaintiff lacks standing for reviewing a discriminatory

online reservations system unless she intends to book a room. For the reasons set forth below,

the court's decision in *Ft. Meade* is flawed.

### A.    The Court Did Not Consider Applicable Law

First, the court merely denied a motion for default judgment and did not issue any final

ruling on the matter of standing. Therefore, the court's decision is not a final order and cannot be

appealed. Rather, the court denied the motion and dismissed the complaint without prejudice "to

give Laufer the opportunity to cure the defects."

Second, the court ruled only on the plaintiff's motion for default judgment. The court never put the plaintiff on notice that it was considering dismissal based on standing and, therefore, no briefing was ever submitted explaining the law or authorities addressing this issue. The court therefore issued its opinion without the benefit of any consideration of the applicable Supreme Court cases, such as the Supreme Court's recognition of informational injury in *Havens Realty*, *Spokeo*, and *Akins*, or the slew of circuit courts that also recognize informational injury, or the plain and unambiguous language of the applicable provisions of the Statute and Regulation, or the rules of statutory construction. In short, the *Ft. Meade* court inserted its own additional requirement into the statute without having considered any of the authorities that have been presented to this Court in Plaintiff's prior briefing.

## B.    The Meade Court Mistakenly Relied On *Griffin*

The court relied on *Griffin v. Dep't. of Labor Fed. Credit Union*, 912 F.3d 649, 653 (4th Cir. 2019) and viewed it as "decisive". However, the *Ft. Meade* court overlooked the disclaimers expressed in *Griffin*, wherein it confined its holding to whether " this plaintiff who is **barred by law** from making use of defendant's services may sue under the ADA for an allegedly deficient website", and  expressly stated that it was not considering " the rights generally of people with disabilities to sue for Internet-based harms under the ADA..." *Id*. at 652, 653 (emphasis added).  *Griffin* was closely followed by the Seventh Circuit in *Carello v. Aurora Policemen Credit Union*, 930 F. 3d 830 (7th Cir. 2019). Both *Griffin* and *Carello* involved claims by a plaintiff who was legally barred from ever availing himself of the services of the defendants' credit unions.

Significantly, the *Carello* Court distinguished itself from the sorts of websites applicable to the case at bar, stating: "Carello does not complain that the Credit **Union withheld information**...." *Id*. at 835 (emphasis added). Thus, the *Carello* Court expressly distinguished the statute at issue therein with the type of statute and regulation at issue herein - which prohibit the withholding of information. Indeed, the *Carello* Court recognized that informational injury is actionable when the defendant fails to provide information to a plaintiff that a law entitles him to obtain and review for some substantive purpose. *Id*. at 835. "Once that occurs, there is no additional requirement that the plaintiff suffer any additional harm beyond his or her failure to receive the information that the law renders subject to disclosure. *Id.*, citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). Specifically, the *Carello* Court stated:

> An informational injury occurs when the defendant refuses to provide the plaintiff with information that a law—typically, a sunshine law—entitles him to obtain and review for some substantive purpose. See, e.g., *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 21, 24-25, 118 S. Ct. 1777, 141 L. Ed. 2d 10 (1998) (concluding that voters' inability to obtain information subject to disclosure under the Federal Election Campaign Act of 1971 is a sufficiently concrete injury); *Pub. Citizen v. U.S. Dep't of Justice*, 491 U.S. 440, 449, 109 S. Ct. 2558, 105 L. Ed. 2d 377 (1989) (explaining that, to satisfy Article III's injury requirement, advocacy organizations requesting information subject to disclosure under the Federal Advisory Committee Act need only show "that they sought and were denied" the information); *Casillas [v. Madison Ave., Assoc.*, 926 F.3d 329,] 337-38 [(7th Cir. 2019)] ("[Akins and Public Citizen] hold that the denial of information subject to public disclosure is one of the intangible harms that Congress has the power to make legally cognizable." (emphasis omitted)). In such cases, a plaintiff "need not allege any additional harm beyond" his failure to receive information that the law renders subject to disclosure. *Spokeo*, 136 S. Ct. at 1549.

In this regard, *Carello* squarely establishes that this Court must recognize Plaintiff's right to sue. The Regulation was promulgated for the purpose of providing a right of this plaintiff and other disabled persons to the right to book a room and further requiring the provision of specific information regarding accessibility at a hotel. Recently, one court applied *Carello* for the

proposition that it supports standing for online reservations discrimination without any requirement that the plaintiff intend to visit the area in which the hotel is located.

In *Laufer v. U.L.S.T., LLC dba Waterfront Hotel & Marina*,2020 U.S. Dist. LEXIS 206417 (N.D.Ill. 11/4/20) ("*Waterfront*"), one court held that Laufer has standing. First, the *Waterfront* Court held that Laufer has standing even in the absence of any plans to travel to the area. *Id*, at 12-13. The Court then held that the types of informational injury suffered by Laufer fell within the category recognized by the *Carello* Court as having a complete injury-in-fact with nothing additional required. Id. On this point, the *Waterfront* Court reasoned:

> What *Carello* reinforces is that absent such a legal barrier, informational and dignitary injuries do suffice to support Article III standing. And that is exactly what Laufer alleges here. She claims that the inadequate disclosures about Waterfront's accessibility "deprive her of the information required to make meaningful choices for travel," and that she "suffer[s] … frustration and humiliation as the result of the discriminatory conditions present" on the hotel's booking pages. [] Thus, even absent a concrete plan to visit Johnsburg, Laufer has standing to bring this ADA suit.
> ...
> Waterfront next submits that the complaint fails to state a claim, arguing that the ADA "requires the hotel to accommodate Ms. Laufer's disabilities [only] if she desires to stay there." [] As explained above, however, Laufer's alleged injury is not the inability to stay at Waterfront; rather, it is the inability to determine whether she *can* stay there, as well as the stigmatic injury resulting from Waterfront's failure to make accessibility information available.

For these reasons, the *Ft. Meade* Court's reliance on Griffin was erroneous.

## C.     The Ft. Meade Court Erroneously Relied On Cases Such As Mann And Hernandez

The *Ft. Meade* court also cited several cases on both sides of the issue of whether or not intent to book is required, but did not provide any analysis as to why one set of decisions should be followed and the other decisions ignored. In this regard, the court followed other similar decisions in *Laufer v. Mann Hosp. LLC*, 2020 U.S. Dist. LEXIS 191630 (W.D. Tx. Sept.

30, 2020); *Rutherford v. JC Resorts, LLC*, 2020 U.S. Dist. LEXIS 130467 (S.D. Cal. July 23, 2020); and *Hernandez v. Caesars License Co., LLC*, 2019 U.S. Dist. LEXIS 208551 (D.N.J. Dec. 4, 2019).

Like the *Ft. Meade* Court, none of these decisions consider the applicable law, but instead merely inserted their own additional term into the statute. The only exception is *Hernandez*, which premised its holding on the basis that the Supreme Court's decision in *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), was inapplicable. In this regard, the *Hernandez* court reasoned that *Havens Realty* was about intentional discrimination and differential treatment and NOT about informational injury. This is completely contrary to all prevailing interpretation, including the plain language found in the *Havens Realty* opinion. See *Havens Realty*, 455 U.S. at 373-74 (deprivation of plaintiffs' right to truthful information is actionable injury); *Akins*, 524 U.S. at 21(citing *Havens Realty* on the point that "[i]ndeed, this Court has previously held that a plaintiff suffers an "injury in fact" when the plaintiff fails to obtain information which must be publically disclosed pursuant to a statute..... ). This is also inconsistent with all the other authorities cited on this point (cited in Plaintiff's earlier brief), which cite *Havens Realty* for the proposition that it stands for the right to information. See, e.g. *Haddad v. Midland Funding, LLC*, 255 F. Supp. 3d 735, 739-40 (N.D. Ill. 2017)("*Havens Realty* turns only on the misleading nature of the representations, not on the racial motivation behind them").

The *Hernandez* court cited two other court holdings in support of its proposition that intent to book a room is required. However, neither opinion stands for such a holding. One case cited by the *Hernandez* Court is *Juscinska v. Paper Factory Hotel, LLC*, 2019 U.S. Dist. Lexis 92550 (S.D.N.Y. 2019). However, the *Juscinska* court only noted that the plaintiff had the

intention of booking a room. It never held that such an intent was required. Noting that the plaintiff intended to book a room is far different from holding that this is a requirement of the law. The second case cited by the *Hernandez* Court was *Coral Reef Of Key Biscayne Developers, Inc.*, 2018 U.S. Dist. Lexis 87457. However, the *Poschmann* decision actually stated that solely testing a website system for compliance satisfies standing. *Poschmann*, 2018 U.S. Dist. Lexis 87457 at *8 ("Plaintiff intends to return to the Website within thirty days to determine whether the Hotel is accessible to him, and, if so, to reserve a room at the Hotel ***or* to test the Hotel's Website reservation system for its compliance with the ADA**.")(emphasis added). By this language, the *Poschmann* opinion held the exact opposite of what the *Hernandez* court stated. In sum, the *Hernandez* decision is entirely founded on its own misreading of other cases.

### D.    Conclusion

In sum, the *Ft. Meade* court issued a non-appealable ruling without the benefit of any briefing on the subject, based on a complete misreading of *Griffin* and based on three other cases which themselves, like *Ft. Meade*, failed to properly apply or consider the weight of authorities that support standing.

Respectfully submitted,


Attorney for Plaintiff:

By: /s/ Kimberly A. Corkill, Esq.

Kimberly A. Corkill, Of Counsel
Thomas B. Bacon, P.A.
7 N. Coyle Street
Pensacola, FL 32502
ph. 850-375-3475

6

fx 877-828-4446
kimberlyatlaw@gmail.com
Florida Bar Id. No. 84942

Thomas B. Bacon, Esq.
Thomas B. Bacon, P.A.
644 North Mc Donald St.
Mt. Dora, FL 32757
ph. (850)375-3475
kimberlyatlaw@gmail.com
Florida Bar. Id. No. 139262

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's electronic filing system upon all parties of record this December 7, 2020.

By: /s/ Kimberly A. Corkill, Esq.